JAMES CARTER, ET AL., v. COLUMBUS WOOTMAN, ET AL.

**Title of Real Estate by Prescription—Adverse Possession.**

Where patent to real estate is given in 1794 and there has been no possession or well established boundary under such patent, and one takes actual possession under a patent to him dated in 1852 and holds the same under a claim of title, and holds possession adversely and continuously for more than twenty years, he cannot be dispossessed by one claiming ownership under the older patent.

APPEAL FROM NELSON CIRCUIT COURT.

March 9, 1877.

OPINION BY JUDGE COFER:

The appellant, Burns, claims under his father, John Burns, who was tenant of Doom and subsequently of Wootman, and has failed to show title in himself either of record or by continuous adverse possession, and as to him the opinion of this court in Wootman against Gardner seems conclusive.

But the attitude of Carter and Hughes is different. Carter claims under a patent to himself, dated in 1852. It is true the land embraced by that patent is covered by the patent to Kendall for 300 acres, dated in 1794, and that Carter's patent is, on that account, void under the statute of 1836 (Loughborough 387). But notwithstanding the patent is void its boundary seems to have been plainly marked and defined, and Carter has had such possession under claim of right

as gives him title by prescriptions to the extent of his possession. The evidence does not show an actual possession of the land under the Kendall patent at the time Carter entered upon his patent boundary, and the possession having been vacant when he entered, claiming to the extent of his patent, he acquired possession to his marked boundary, which was not disturbed by subsequent occupation under Kendall's patent outside of Carter's. We are therefore of the opinion that he has the better title to the 150 acres claimed by him.

Hughes claims under a patent to Stephen Hughes dated in 1849, and a deed from Stephen Hughes dated in 1852. The boundary of that patent seems also to have been well defined, and the Hugheses have held the possession by themselves and tenants for a length of time sufficient to bar the right of those claiming under Kendall.

We are further of the opinion that both Carter and Hughes were in the adverse possession of the land claimed by them respectively at the date of the sale and conveyance by Metcalfe and Linthicum to Troutman, and that the deed to him was and is champertous and void as to them.

Wherefore the judgment is *reversed* as to Carter and Hughes, and the cause is remanded with directions to dismiss the petition as to them. As to Burns the judgment is *affirmed*.

*William Johnson, for appellants. E. E. McKay, for appellees.*